**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| AUTOMOTIVE FINANCE CORPORATION | PLAINTIFF |
| v. | CIVIL ACTION NO. 3:03-cv-199WS |
| CHARLES BISSELL and C.A.R.S., INC. | DEFENDANTS |
| v. | |
| ROBERT PERRY, individually, and PERRY'S AUTO WORLD, III, INC. d/b/a CARS, INC. IV | THIRD-PARTY DEFENDANTS/ FOURTH-PARTY PLAINTIFFS |

**ORDER**

Before this court is the motion of the defendants for sanctions seeking attorney's fees and court costs for plaintiff's failure to provide discovery as requested. [**Docket No. 87-1**].  According to the defendants, they submitted to the plaintiff written requests for all documents, e-mails, and any other written records, not privileged, relating to Automotive Finance Corporation's decision to take or confiscate the defendant's automobiles.  Defendants contend that Automotive Finance Corporation refused to comply with their request for discovery, claiming privilege.  Now, the defendants ask this court to award them $12,556.25 in attorney's fees as a sanction for plaintiff's improper refusal to comply which required the defendants to move to compel.  This court finds the motion for sanctions not well taken for the reasons that follow.

The genesis of this sanctions' request is a discovery dispute, a matter governed by Rule 37 of the Federal Rules of Civil Procedure.[1]  Under Rule 37,[2] a party may be liable for reasonable expenses including attorney's fees caused by *the failure to comply with a discovery order.*[3]  *Tollett v. City of Kemah*, 285 F.3d 357, 364-65 (5th Cir. 2002).  The defendants in the instant case have failed to point to any specific discovery order allegedly breached by the plaintiff.  Rule 37 deals only with discovery orders.  *Bashir v. National R.R. Passenger Corporation*, 929 F.Supp. 404, 413 (S.D. Fla. 1996), *aff'd*, 119 F.3d 929 (11th Cir. 1997).

Next, even if the defendants made their request pursuant to a specific discovery order of the court, their request for attorney's fees is far from reasonable. The defendants submit a list of phone calls made by persons associated with the defendants' law firm.  Defendants submit that these telephone calls dealt with the discovery in question and should be compensated in an amount exceeding $12,000.00.

---

[1] Compare Rule 11 ("Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions" (emphasis added)), especially subparts (c) ("Sanctions") & (d) ("Inapplicability to Discovery"), with Rule 37 ("Failure to Make Disclosure or Cooperate in Discovery; Sanctions"), especially subparts (a)(4)( "Motion For Order Compelling Disclosure or Discovery"--"Expenses and Sanctions") & (b)(2) ("Failure to Comply With Order"--"Sanctions by Court in Which Action is Pending").

[2] Rule 37(a)(2)(A) provides that, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."

[3] Rule 37(b)(2) provides that, *for failure to "obey an order* to provide or permit discovery," a court may "make such orders in regard to the failure as are just."  Thus, sanctions under Rule 37 are imposed when there has been *a violation of a discovery order*. See *Bayoil, S.A. v. Polembros Shipping Limited*, 196 F.R.D. 479, 482 (S.D. Tex. 2000).

This court is called upon to determine the proper amount of fees and costs to impose as Rule 37 sanctions. This means reasonable expenses and fees. Any award must be supported by evidence of the attorney's fees and related other expenses incurred. *See Tollett*, 285 F.3d at 365. This list of phone calls, which purport to relate to the instant discovery dispute, is not sufficient evidence to enable this court to determine the reasonableness of the request, even if a discovery order had been ignored by the plaintiff. Furthermore, the language of Rule 37 provides that only the expenses and fees caused by the failure to comply may be assessed [against] the noncomplying party. *Id*., at 364.

Of course, even apart from the Federal Rules of Civil Procedure, this court has the inherent power to issue sanctions, but this power, too, "must be exercised 'with restraint and discretion.'" *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir.1993), quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980).

In sum, this court finds no basis for awarding sanctions presented in the defendants' motion. Therefore, the defendants' motion for sanctions seeking attorney's fees and court costs for failure to provide discovery as requested is denied [**Docket No. 87-1**].

**SO ORDERED** this the 30th day of March, 2006.

s/ **HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:03-cv-199 WS